UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 15-933 PA (JPRx) | Date | February 13, 2015 |
|---|---|---|---|
| Title | Global Fresh, Inc. v. Asica Natuarl SAC, et al. | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Stephen Montes Kerr | Not Reported | N/A |
| Deputy Clerk | Court Reporter | Tape No. |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: |
| None | | None |

**Proceedings:**  IN CHAMBERS - COURT ORDER

The Court is in receipt of the Complaint filed by plaintiff Global Fresh, Inc. ("Plaintiff"). Plaintiff alleges that this Court has subject matter jurisdiction based on diversity.  See 28 U.S.C. § 1332(a)(1).

Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress.  See, e.g., Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377, 114 S. Ct. 1673, 1675, 128 L. Ed. 2d 391 (1994).  A suit filed in state court may be removed to federal court if the federal court would have had original jurisdiction over the suit.  28 U.S.C. § 1441(a).  A removed action must be remanded to state court if the federal court lacks subject matter jurisdiction.  28 U.S.C. § 1447(c).  "The burden of establishing federal jurisdiction is on the party seeking removal, and the removal statute is strictly construed against removal jurisdiction."  Prize Frize, Inc. v. Matrix (U.S.) Inc., 167 F.3d 1261, 1265 (9th Cir. 1999).  "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance."  Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992).

To establish citizenship for diversity purposes, a natural person must be a citizen of the United States and be domiciled in a particular state.  Kantor v. Wellesley Galleries, Ltd., 704 F.2d 1088, 1090 (9th Cir. 1983).  Persons are domiciled in the places they reside with the intent to remain or to which they intend to return.  See Kanter v. Warner-Lambert Co., 265 F.3d 853, 857 (9th Cir. 2001).  "A person residing in a given state is not necessarily domiciled there, and thus is not necessarily a citizen of that state."  Id.  A corporation is a citizen of both its state of incorporation and the state in which it has its principal place of business.  28 U.S.C. § 1332(c)(1); see also New Alaska Dev. Corp. v. Guetschow, 869 F.2d 1298, 1300-01 (9th Cir. 1989).  Finally, the citizenship of a partnership or other unincorporated entity is the citizenship of its members.  See Johnson v. Columbia Props. Anchorage, LP, 437 F.3d 894, 899 (9th Cir. 2006) ("[L]ike a partnership, an LLC is a citizen of every state of which its owners/members are citizens."); Marseilles Hydro Power, LLC v. Marseilles Land & Water Co., 299 F.3d 643, 652 (7th Cir. 2002) ("the relevant citizenship [of an LLC] for diversity purposes is that of the members, not of the company"); Handelsman v. Bedford Village Assocs., Ltd. P'ship, 213 F.3d 48, 51-52 (2d Cir. 2000) ("a limited liability company has the citizenship of its membership"); Cosgrove v.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 15-933 PA (JPRx) | Date | February 13, 2015 |
|---|---|---|---|
| Title | Global Fresh, Inc. v. Asica Natuarl SAC, et al. | | |

Bartolotta, 150 F.3d 729, 731 (7th Cir. 1998); TPS Utilicom Servs., Inc. v. AT & T Corp., 223 F. Supp. 2d 1089, 1101 (C.D. Cal. 2002) ("A limited liability company . . . is treated like a partnership for the purpose of establishing citizenship under diversity jurisdiction.").

      Plaintiff's Complaint alleges that defendant Asica Natural SAC "is, and at all times relevant herein was, a Sociedad Anonima Cerrada, or closed corporation, having a principal place of business located in Lima, Peru." The Complaint does not allege the citizenship of defendants Alfredo Jose Morales, Bruce Oettel, and Alex Castellanos. Instead, in conclusory fashion, the Complaint only alleges that "Plaintiff and Defendants are citizens of different States (including a foreign state), and the amount in controversy exceeds $75,000.00, exclusive of costs and interest." Plaintiff has therefore not properly alleged the citizenship of any defendant. "Absent unusual circumstances, a party seeking to invoke diversity jurisdiction should be able to allege affirmatively the actual citizenship of the relevant parties." Kanter, 265 F.3d at 857; Bradford v. Mitchell Bros. Truck Lines, 217 F. Supp. 525, 527 (N.D. Cal. 1963) ("A petition [for removal] alleging diversity of citizenship upon information and belief is insufficient."). As a result, Plaintiff's allegations are not sufficient to invoke this Court's diversity jurisdiction.

      Accordingly, the Court dismisses Plaintiff's Complaint for lack of subject matter jurisdiction. A district court may, and should, grant leave to amend when it appears that subject matter jurisdiction may exist, even though the complaint inadequately alleges jurisdiction. See 28 U.S.C. § 1653; Trentacosta v. Frontier Pacific Aircraft Industries, Inc., 813 F.2d 1553, 1555 (9th Cir. 1987). Therefore, the Court grants Plaintiff leave to amend the Complaint to establish federal subject matter jurisdiction. Plaintiff's First Amended Complaint, if any, is to be filed by February 27, 2015. The failure to file a First Amended Complaint by that date or to adequately allege the Court's jurisdiction may result in the dismissal of this action without prejudice.

      IT IS SO ORDERED.