UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | CV 15-933 PA (JPRx) | Date | April 1, 2015 |
|---|---|---|---|
| Title | Global Fresh, Inc. v. ASICA Natural SAC, et al. | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE | | |
|---|---|---|---|
| Stephen Montes Kerr | Not Reported | N/A |
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**        IN CHAMBERS - COURT ORDER

Before the Court is a Motion to Dismiss for Lack of Personal Jurisdiction filed by defendant Alfredo Jose Morales ("Morales") (Docket No. 12) and a Motion for More Definite Statement filed by Morales and defendant ASICA Natural SAC ("ASICA") (Docket No. 14). Pursuant to Rule 78 of the Federal Rules of Civil Procedure and Local Rule 7-15, the Court finds that these matters are appropriate for decision without oral argument. The hearing calendared for April 13, 2015, is vacated, and the matters taken off calendar.

I.      **Factual Background**

Plaintiff Global Fresh, Inc. ("Global") is a California company with its principal place of business in Los Angeles, California. According to the First Amended Complaint ("FAC), which Global filed after the Court dismissed the original Complaint with leave to amend to properly allege the Court's subject matter jurisdiction,[1/] Global agreed to purchase three shipping containers of mangoes from ASICA, which is located in Lima, Peru, for $74,844. Global alleges that ASICA provided to Global bills of lading with Global listed as the consignee of the shipment and that in reliance on those documents, Global wired to ASICA the $74,844 on January 6, 2015. Global further alleges that Morales spoke to Global's representatives "on numerous separate occasions" and assured Global that the mangoes would be shipped to Global as ordered. Despite the representations by Morales and ASICA that it would sell and ship the mangoes to Global, around the time it received Global's payment, ASICA secretly changed the sales, import, and shipping documentation to list a different company as the consignee of the shipment.

The FAC alleges that once it discovered that ASICA had not shipped the mangoes to Global as promised, Global bought $200,000 worth of "cover" mangoes on the open market to meet obligations to

---

[1/]    The original Complaint included claims against Bruce Oettel and Alex Castellanos, who were alleged to be officers or agents of ASICA, and who allegedly made misleading statements to Global. Global appears to have dropped its claims against those defendants from the FAC because their presence would defeat the Court's diversity jurisdiction over this action.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 15-933 PA (JPRx) | Date | April 1, 2015 |
|---|---|---|---|
| Title | Global Fresh, Inc. v. ASICA Natural SAC, et al. | | |

its customers. The FAC alleges claims for: (1) breach of contract against ASICA; (2) breach of covenant of good faith and fair dealing against ASICA; (3) intentional misrepresentation against Morales; (4) negligent misrepresentation against Morales; (5) fraud against Morales; (6) constructive fraud against ASICA and Morales; (7) promissory estoppel against ASICA; (8) unjust enrichment against ASICA; and (9) conversion against ASICA.

In their Motion for More Definite Statement, ASICA and Morales contend that the FAC's allegations do not satisfy Federal Rule of Civil Procedure 9(b)'s heightened pleading standard for fraud claims. Morales's Motion to Dismiss for Lack of Personal Jurisdiction asserts that Morales has insufficient contacts with the Central District of California to support the Court's exercise of personal jurisdiction over him.

II.     **Motion for More Definite Statement**

Defendants ASICA and Morales assert that the FAC does not satisfy the Federal Rule of Civil Procedure 9(b) requirements for pleading fraud because the FAC does not allege sufficient facts concerning the allegedly false representations made by Morales and others or how those statements were false.

Federal Rule of Civil Procedure 12(e) states that "[a] party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." Fed. R. Civ. P. 12(e). However, a motion for a more definite statement must be considered in light of the liberal pleading standards of Rule 8(a)(2). Fed. R. Civ. P. 8(a)(2) (a complaint need only be a "short and plain statement of the claim showing that the pleader is entitled to relief"). While the Federal Rules allow a court to dismiss a cause of action for "failure to state a claim upon which relief can be granted," they also require all pleadings to be "construed so as to do justice." Fed. R. Civ. P. 12(b)(6), 8(e). The purpose of Rule 8(a)(2) is to "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S. Ct. 1955, 1964, 167 L. Ed. 2d 929 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47, 78 S. Ct. 99, 103, 2 L. Ed. 2d 80 (1957)). "Rule 12(e) motions attack the intelligibility of the complaint, not the lack of detail, and are properly denied where the complaint notifies the defendant of the substance of the claims asserted." United States v. Sequel Contractors, Inc., 402 F. Supp. 2d 1142, 1147 (C.D. Cal. 2005) (citing Beery, 157 F.R.D. at 480). "If the detail sought by a motion for more definite statement is obtainable through discovery, the motion should be denied." Beery v. Hitachi Home Elec. (Am.), Inc., 157 F.R.D. 477, 480 (C.D. Cal. 1993).

"In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." Fed. R. Civ. P. 9(b). "[W]here a complaint includes allegations of fraud, Federal Rule of Civil Procedure requires more specificity including an account of the 'time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentations.'" Swartz v.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 15-933 PA (JPRx) | Date | April 1, 2015 |
|---|---|---|---|
| Title | Global Fresh, Inc. v. ASICA Natural SAC, et al. | | |

KPMG LLP, 476 F.3d 756, 764 (9th Cir. 2007) (quoting Edwards v. Marin Park, Inc., 356 F.3d 1058, 1066 (9th Cir. 2004)).  "'To comply with Rule 9(b), allegations of fraud must be specific enough to give defendants notice of the particular misconduct which is alleged to constitute the fraud charged so that they can defend against the charge and not just deny that they have done anything wrong.'"  Id. (quoting Bly-Magee v. California, 236 F.3d 1014, 1019 (9th Cir. 2001)).

      Contrary to the arguments of ASICA and Morales, the FAC alleges sufficient facts such that a more definite statement is not necessary.  The FAC has alleged the late-December of 2014 to early-January of 2015 time frame in which Morales, Oettel, and Castellanos made statements reassuring Global that the mangoes were being shipped to Global, bills of lading that falsely showed that Global was the consignee of the shipment, and that those statements were false because the shipments were in fact sent to a different party.  The Court concludes that these allegations are sufficiently specific to satisfy the heightened pleading standard of Rule 9(b).  The Court therefore denies the Motion for More Definite Statment.

III.      **Motion to Dismiss for Lack of Personal Jurisdiction**

      In his Motion to Dismiss for Lack of Personal Jurisdiction, Morales asserts that he has insufficient contacts with the Central District of California to support the exercise of personal jurisdiction over him.

      The plaintiff bears the burden of establishing personal jurisdiction.  Ziegler v. Indian River County, 64 F.3d 470, 473 (9th Cir. 1995).  If a court has not heard testimony or made factual determinations, however, the plaintiff must only make a prima facie showing of personal jurisdiction.  Id.  The plaintiff may use affidavits of knowledgeable witnesses in meeting its burden of proving jurisdiction.  Data Disc, Inc. v. Systems Tech. Assoc., Inc., 557 F.2d 1280, 1285 (9th Cir. 1977).  In determining whether the plaintiff has met this burden, a court must take the allegations in the plaintiff's complaint as true and resolve disputed jurisdictional facts in the plaintiff's favor.  Am. Tel. & Tel. Co. v. Compagnie Bruxelles Lambert, 94 F.3d 586, 588-89 (9th Cir. 1996).

      Before this Court can exercise jurisdiction, an applicable state rule or statute must potentially confer personal jurisdiction over the out of state defendant.  Fed. R. Civ. P. 4(e).  The California long-arm statute provides that a court may exercise jurisdiction on any basis not inconsistent with the State Constitution or the Constitution of the United States.  Cal. Civ. Proc. Code § 410.10.  Section 410.10 imposes limits on the power of California courts to exercise personal jurisdiction that are "'coextensive with the outer limits of due process under the state and federal constitutions, as those limits have been defined by the United States Supreme Court.'"  Data Disc, 557 F.2d at 1286 (quoting Republic Int'l Corp. v. Amco Engineers, Inc., 516 F.2d 161, 167 (9th Cir. 1975).

      A defendant's activities involving the forum state should be such that the defendant "should reasonably anticipate being haled into court there."  World-Wide Volkswagen Corp. v. Woodson, 444

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | CV 15-933 PA (JPRx) | Date | April 1, 2015 |
|---|---|---|---|
| Title | Global Fresh, Inc. v. ASICA Natural SAC, et al. | | |

U.S. 286, 297, 100 S. Ct. 559, 567, 62 L. Ed. 2d 490 (1980). Courts have adopted a two-tiered approach to analyze whether a non-resident defendant's contacts with the forum state are sufficiently substantial so as to comport both with the Constitution and with traditional notions of fair play and substantial justice. International Shoe Co. v. Washington, 326 U.S. 310, 316, 66 S. Ct. 154, 158, 90 L. Ed. 95 (1945). This two-tiered approach involves a determination of whether a court has general or specific jurisdiction over a defendant. See Panavision Int'l, L.P. v. Toeppen, 141 F.3d 1316, 1320 (9th Cir. 1998).

  A. **General Jurisdiction**

  General jurisdiction exists when there are "substantial" or "continuous and systematic" contacts with the forum state, even if the cause of action is unrelated to those contacts. Bancroft & Masters, Inc. v. Augusta Nat'l Inc., 223 F.3d 1082, 1086 (9th Cir. 2000) (citing Helicopteros Nacionales de Columbia, S.A. v. Hall, 466 U.S. 408, 415, 104 S. Ct. 1868, 1872, 80 L. Ed. 2d 404 (1984). The contacts with the forum state must be of a sort that "approximate physical presence." Id.; see also Schwarzenegger v. Fred Martin Motor Co., 374 F.3d 797, 801 (9th Cir. 2004) ("This is an exacting standard, as it should be, because a finding of general jurisdiction permits a defendant to be haled into court in the forum state to answer for any of its activities anywhere in the world.").

  Although Global contends that general jurisdiction over Morales exists because he and ASICA have sold thousands of pounds of produce to Global and other customers within California for at least two years, the Court concludes that these sales by ASICA, and Morales's alleged involvement in those sales, is insufficient to establish general jurisdiction over Morales. This activity does not "approximate physical presence." Bancroft & Masters, Inc., 223 F.3d at 1086; see also Goodyear Dunlop Tires Operations, S.A. v. Brown, __ U.S. __, 131 S. Ct. 2846, 2853-54, 180 L. Ed. 2d 796 (2011) ("For an individual, the paradigm forum for the exercise of general jurisdiction is the individual's domicile; for a corporation, it is an equivalent place, one in which the corporation is fairly regarded as at home."). Because Peru, and not California is Morales's home, Global has failed to establish that the Court possess general jurisdiction over Morales.

  B. **Specific Jurisdiction**

  Specific personal jurisdiction may be exercised when the "nature and quality" of the defendant's contacts with the forum state are significant in relation to the specific cause of action. Data Disc, 557 F.2d at 1287. In order for the forum state to properly assert jurisdiction over an out of state defendant, the defendant must have purposefully directed its activities towards residents of the forum state. Burger King Corp. v. Rudzewicz, 471 U.S. 462, 472, 105 S. Ct. 2174, 2182, 85 L. Ed. 2d 528 (1985). Further, the forum-related activities must be related to the claim, and the exercise of jurisdiction must be reasonable. Ballard v. Savage, 65 F.3d 1495, 1498 (9th Cir. 1995). The Ninth Circuit has developed a three-part test for assessing the exercise of specific personal jurisdiction over a party:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 15-933 PA (JPRx) | Date | April 1, 2015 |
|---|---|---|---|
| Title | Global Fresh, Inc. v. ASICA Natural SAC, et al. | | |

    (1)    The non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws;

    (2)    The claim must be one which arises out of or relates to the defendant's forum-related activities; and

    (3)    The exercise of jurisdiction must comport with fair play and substantial justice, i.e. it must be reasonable.

Schwarzenegger, 374 F.3d at 802; see also Sinatra v. National Enquirer, Inc., 854 F.2d 1191, 1195 (9th Cir. 1988). "The plaintiff bears the burden of satisfying the first two prongs of the test. . . . If the plaintiff succeeds in satisfying both of the first two prongs, the burden then shifts to the defendant to 'present a compelling case' that the exercise of jurisdiction would not be reasonable." Schwarzenegger, 374 F.3d at 802 (quoting Burger King, 471 U.S. at 476-78, 105 S. Ct. at 2184-85, 85 L. Ed. 2d 528).

    A "purposeful availment" analysis is usually used in suits sounding in contract while a "purposeful direction" analysis is typically employed in a tort action. Id. A defendant purposefully avails himself of the privilege of conducting activities in the forum by deliberately "engag[ing] in significant activities within a State or [creating] 'continuing obligations' between himself and the residents of the forum." Gray & Co. v. Firstenberg Mach. Co., 913 F.2d 758, 760 (9th Cir. 1990) (citing Burger King, 471 U.S. at 475-76, 105 S. Ct. at 2183- 84, 85 L. Ed. 2d 528). Purposeful availment "typically consists of evidence of the defendant's actions in the forum, such as executing or performing a contract there." Schwarzenegger, 374 F.3d at 802. The purposeful direction test applied in tort cases applies the "effects" test derived from Calder v. Jones, 465 U.S. 783, 104 S. Ct. 1482, 79 L. Ed. 2d 804 (1984), and requires "that the defendant allegedly have (1) committed an intentional act, (2) expressly aimed at the forum state, (3) causing harm that the defendant knows is likely to be suffered in the forum state." Dole Food Co. v. Watts, 303 F.3d 1104, 1111 (9th Cir. 2002).

    In determining the propriety of the exercise of personal jurisdiction, a court "must evaluate all of a defendant's contacts with the forum state, whether or not those contacts involve wrongful activity by the defendant." Yahoo! Inc. v. La Ligue Contre Le Racisme et L'Antisemitisme, 433 F.3d 1199, 1207 (9th Cir. 2007). "In a specific jurisdiction inquiry, we consider the extent of the defendant's contacts with the forum and the degree to which the plaintiff's suit is related to those contacts. A strong showing on one axis will permit a lesser showing on the other." Id. at 1210.

    The second requirement that the "claim must be one which arises out of or relates to the defendant's forum-related activities" is met if the Plaintiff would not have been injured "but for" the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 15-933 PA (JPRx) | Date | April 1, 2015 |
|---|---|---|---|
| Title | Global Fresh, Inc. v. ASICA Natural SAC, et al. | | |

defendant's activities. Panavision, 141 F.3d 1316, 1322 (9th Cir. 1998). Finally, the third "reasonableness" prong is satisfied when the following factors weigh in favor of the exercise of jurisdiction over a nonresident defendant:

(1) The extent of purposeful interjection into the forum state;
(2) The burden on the defendant of defending in the forum;
(3) The extent of conflict with the sovereignty of defendant's state;
(4) The forum state's interest in adjudicating the dispute;
(5) The most efficient judicial resolution of the controversy;
(6) The importance of the forum to plaintiff's interest in convenient and effective relief; and
(7) The existence of an alternative forum.

Fed. Deposit Ins. Corp. v. British-American Ins. Co., 828 F.2d 1439, 1442 (9th Cir. 1987) (citing Decker Coal Co. v. Commonwealth Edison Co., 805 F.2d 834, 840 (9th Cir. 1986)).

Because the FAC's claims against Morales sound in fraud, the Court will apply the purposeful direction test. Morales, relying on Peterson v. Kennedy, 771 F.2d 1244 (9th Cir. 1985), contends that "ordinarily, 'use of the mails, telephone, or other international communications simply do not qualify as purposeful activity invovking the benefits and protection of the [forum] state.'" Peterson, 771 F.2d at 1262 (quoting Thos. P. Gonzalez Corp. v. Consejo Nacional de Produccion de Costa Rica, 614 F.2d 1247, 1254 (9th Cir. 1980)). Although Morales spoke to Global's representatives only by phone, Global has provided evidence that Morales was personally involved in preparing and sending the allegedly fraudulent invoices, bills of lading, and import documents. If true, Morales's involvement in the creation and distribution of false documents, which allegedly induced Global to wire payment to ASICA, would satisfy the Calder effects test. Specifically, the creation and transmission of these allegedly false documents to Global, in addition to the alleged misrepresentations made during telephone calls between Morales and Global, which Morales knew was located in Los Angeles, would constitute intentional acts expressly aimed at Global in Los Angeles which Morales knew would be likely to be suffered in Los Angeles. Morales does not dispute that Global's claim arise out of Morales's forum-related activities. The Court therefore concludes that Global has satisfied the first two parts of the three-part test for exercising specific personal jurisdiction over Morales.

Morales's Motion and Reply do not contain any argument or evidence concerning the reasonableness of the Court's exercise of personal jurisdiction over him. Morales bore the burden on this element of the three-part test. See Schwarzenegger, 374 F.3d at 802. The Court's review of the seven factors establishes that the exercise of jurisdiction over Morales is reasonable. Although the extent of Morales's purposeful interjection into California may not have been substantial, there is no evidence that defending against this action in California will be unduly burdensome, or that prosecution of this action will conflict with the sovereignty of Peru. On the other hand, California has a strong

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 15-933 PA (JPRx) | Date | April 1, 2015 |
|---|---|---|---|
| Title | Global Fresh, Inc. v. ASICA Natural SAC, et al. | | |

interest in the adjudication of Global's claim, and because of Global's connections to this forum and that ASICA is subject to personal jurisdiction here, proceeding in this forum provides an efficient forum within which to resolve this dispute. The Court therefore concludes that, at least on this record, the exercise of specific personal jurisdiction over Morales is reasonable.[2]

**Conclusion**

     For the foregoing reasons, the Court denies the Motion for More Definite Statement filed by ASICA and Morales. The Court also denies the Motion to Dismiss for Lack of Personal Jurisdiction filed by Morales. ASICA and Morales shall file their Answers to the FAC by no later than April 13, 2015.

     IT IS SO ORDERED.

---

[2]    The Court is mindful of Global's dropping of its claims against Oettel and Castellanos to preserve this Court's diversity jurisdiction. However, contrary to Morales's arguments, the fact that Global may have chosen not to pursue claims against local non-diverse defendants does not establish that the Court lacks personal jurisdiction over Morales. Should Oettel and Castellanos be brought into this action, through a third-party complaint or otherwise, the Court retains the discretion to realign the parties, even if doing so would deprive the Court of diversity jurisdiction. See Dolch v. United California Bank, 702 F.2d 178, 181 (9th Cir. 1983).