JS-6

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GLOBAL FRESH, INC., a California corporation,<br><br>    Plaintiff,<br><br>  v.<br><br>ASICA NATURAL SAC, a Sociedad Anonima Cerrada (closed corporation); ALFREDO JOSE MORALES, an individual,<br><br>    Defendants. | CASE NO. 2:15-cv-00933-PA-JPR<br><br>**ORDER REGARDING STIPULATION OF UNDISPUTED FACTS AND FOR DIMISSAL OF ENTIRE ACTION** |
| ASICA NATURAL SAC,<br><br>    Counterclaimant,<br>  v.<br><br>GLOBAL FRESH, INC.,<br>    Counterdefendant. | |

Having read and considered the Stipulation of Undisputed Facts and for Dismissal of Entire Action ("Stipulation"), submitted by Plaintiff and Counterdefendant, GLOBAL FRESH, INC (herein referred to as "Global" or "Plaintiff"), and Defendant and Counterclaimant ASICA NATURAL SAC, a Sociedad Anonima Cerrada (closed corporation) (herein referred to as "Asica") and Defendant ALFREDO JOSE MORALES, an individual (herein referred to as "AJM") (Asica and AJM are collectively referred to as "Defendants")(Plaintiff and Defendants are sometimes referred to herein as "the Parties"), and all other pleadings and papers on file herein, and good cause appearing therefor,

IT IS HEREBY ORDERED that the Stipulation of Undisputed Facts and for Dismissal of Entire Action is approved in its entirety.

IT IS FURTHER ORDERED that the following facts are hereby adopted by this Court as Stipulated Facts upon such terms and conditions as provided in the Stipulation.

1. Global, during all times material herein, was and is a California corporation, having a principal place of business in Los Angeles County.

2. Asica, during all times material herein, was and is a closed corporation, having a principal place of business located at Calle Las Palmeras 216, San Isidro, Lima, in the country of Peru.

3. Defendant AJM at all times material herein, was a citizen of Peru, who was and is a resident of Peru, and who maintains a residence and a principal place in Lima, Peru.

4. This Court has jurisdiction of this case pursuant to 28 U.S.C. §1332, because Plaintiff is a corporation incorporated under the laws of the State of California, and Defendant AJM is a citizen and resident of the country of Peru, and Asica is a corporation organized and incorporated under the laws of the country of Peru with its principal place of business located in Peru, and the amount in controversy exceeds $75,000.00, exclusive of costs and interest.

5. Venue is proper pursuant to 28 U.S.C. §1391(b)(2), because a substantial part of the events or omissions giving rise to the claims took place within this District.

6. At all times relevant herein, Global operated as an importer of fruits and vegetables, being perishable agricultural commodities, and in that capacity bought, imported, and resold said perishable agricultural commodities to customers throughout the United States and the world.

7. The dispute in this case concerns three (3) containers of mangoes that Global claims to have purchased from Asica during the 2015 mango season.

8. Global alleges that Asica failed to supply the three containers of mangoes as agreed, and therefore, Global filed a Complaint to initiate this action, and thereafter filed a First Amended Complaint, alleging it was forced to buy cover mangoes on the open market at higher prices in order to meet obligations it had with its own customers, resulting in cover damages in excess of $200,000.00, in addition to damages of $74,844.00, which Global paid to Asica for the three containers.

9. Asica filed an Answer to the First Amended Complaint, denying that there was any contract for it to supply three containers of mangoes to Global, and Asica also asserted a Counterclaim for damages against Global in the amount of $98,798.20, to which Global filed an Answer to said Counterclaim.

IT IS FURTHER ORDERED that so long as Defendants comply with the terms of the Stipulation of Undisputed Facts and for Dismissal of Entire Action as contemplated therein, the Parties shall take no further steps to enforce their respective claims against each other.

IT IS FURTHER ORDERED that in the event of default as contemplated by the Stipulation, Plaintiff shall be entitled to reimbursement of reasonable attorneys incurred in connection with prosecuting an action for breach of this agreement, and in enforcing the terms of the Stipulation. If any lawsuit or other legal action is brought as between or among any of the Parties hereto relating to, arising out of, or to enforce, any of the provisions of the Stipulation, the prevailing party shall be entitled to collect its reasonable attorney's fees and costs incurred in connection therewith

1    IT IS FURTHER ORDERED upon receipt of all quantities of mangoes called for
2 by the Stipulation without default, Plaintiff shall file a request to convert the dismissal of
3 this action without prejudice into a dismissal with prejudice of this action in its entirety.
4    IT IS FURTHER ORDERED that this case is hereby dismissed without prejudice
5 in its entirety.

7    IT IS SO ORDERED.

Dated:  December 17, 2015                    _____
                                              HON. PERCY ANDERSON
                                              United States District Court Judge

4